LAW OFFICES OF JOSEPH R. KAFKA
Joseph R. Kafka, Esq.  SB #139510
1541 The Alameda
San Jose, California 95126
Telephone: 408-993-8441
Facsimile: 408-279-0402


Attorney for Plaintiff
Grant Sedgwick

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OFCALIFORNIA

| In Re: | CHAPTER 7 |
|---|---|
| DAVID K. SMALL and TRUDY V. SMALL, | CASE NO. 18-51668 MEH |
| Debtors. | ADV. CASE NO. |
| GRANT SEDGWICK, | **COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. 523 (a)(4) and 11 U.S.C. 523 (a)(6)** |
| Plaintiff, | |
| v. | |
| DAVID K. SMALL, | |
| Defendant. | |

**COMPLAINT FOR NONDISCHARGEABILITY OF DEBT**

Plaintiff, Grant Sedgwick, complains of Debtor and Defendant, David K. Small, as follows:

**JURISDICTION AND VENUE**

1.　This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. Section 1334 and 28 U.S.C. Section 157. This adversary proceeding relates to the chapter 7 case of David K. Small, case number 18-51668 MEH now pending in the United States Bankruptcy Court for the Northern District of California. This matter is a core proceeding.

2.　Venue is proper pursuant to 28 U.S.C. section 1409. Plaintiff consents to the entry of

1

a final order or judgment by the Bankruptcy Court.

## GENERAL ALLEGATIONS

3. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 to 2 above as though fully set forth herein.

4. In or about 1989, the Plaintiff became a limited partner in a California limited partnership called SFC Associates V. The Plaintiff was one of several limited partners. The Plaintiff owned a 15% interest in the limited partnership. In or about 1991, the limited partnership came to own an interest in a general partnership, called Block 5 Retail Partners, which owned and developed the Paseo de San Antonio retail area in downtown San Jose, California.

5. Between 2009 and 2010, the Defendant took nearly $500,000 in funds, without permission, from the bank account of Block 5 Retail Partners. He transferred those funds to 6 or more entities under his ownership and control.

6. At the end of 2010, Chardonnay Associates, II, an entity with a partnership interest in Block 5 Retail Partners, discovered the missing $500,000 and demanded that the Defendant restore the funds. The Defendant was unable to pay back the $500,000 debt to Block 5 Retail Partners.

7. During 2011, the Defendant negotiated a sale of SFC Associates V's entire interest in Block 5 Retail Partners to Chardonnay Associates, II. Most of the proceeds from the sale, $496,983.00, were applied or credited to the debt and the rest, $50,000 in cash, was transferred in October of 2011 to an entity controlled and owned by the Defendant.

8. As a result of the sale, done by the Defendant to pay back his debt to Block 5 Retail Partners, SFC Associates V was left with no assets. The limited partners received nothing from the sale. They were not notified before the sale or after the sale. As a result of the sale, the Plaintiff lost his entire interest in the limited partnership and received no compensation from the Defendant.

9. In January of 2015, within 3 years of discovering the Defendant's wrongful conduct,

2

Case: 18-05046    Doc# 1    Filed: 10/05/18    Entered: 10/05/18 14:35:56    Page 2 of 6

the Plaintiff filed a lawsuit in the Superior Court for Santa Clara County, California against the Defendant and other parties for breach of fiduciary duty and conversion. On March 13, 2017, the Defendant agreed to settle and entered a stipulated judgment for $130,000 that drew interest at 7%. Thereafter, he paid nothing against the judgment to the Plaintiff. On July 27, 2018, the Defendant filed his petition for chapter 7.

## FIRST CLAIM FOR RELIEF

### Nondischargeability of Debt Pursuant to 11 U.S.C. section 523 (a)(4)

10. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 to 9 above as though fully set forth herein.

11. Pursuant to 11 U.S.C. section 523 (a)(4), a debt incurred by a debtor who perpetrates a fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny shall be nondischargeable.

12. An individual acting as an officer of a corporate general partner or an individual acting as the de facto general partner of a limited partnership owes a fiduciary duty to the limited partners. At all times, the Defendant was acting as an officer of the corporate general partner, SFC Properties, Inc., or as the de facto general partner since he controlled the entity. The Defendant was a fiduciary when he sold the limited partnership's interest in Block 5 Retail Partners in order to pay back his debt.

13. The Defendant committed several acts of defalcation, the misappropriation of funds, money or property held in a fiduciary capacity. First, the Defendant intentionally sold all the interest SFC Associates V held in Block 5 Retail Partners to pay back his debt. Therefore, the limited partners, including the Plaintiff, received nothing from the sale. Second, the Defendant transferred $50,000 in cash intended for the limited partnership to an entity controlled and owned by him and the limited partners, including the Plaintiff, received none of it.

3

Case: 18-05046    Doc# 1    Filed: 10/05/18    Entered: 10/05/18 14:35:56    Page 3 of 6

14. As a direct and proximate result of the foregoing, the Plaintiff has suffered damages believed to be in excess of $150,000, which should be exempted from discharge in the Defendant's bankruptcy. Based on the foregoing fraud or defalcation of the Defendant while he was a fiduciary, the debt owed to the Plaintiff should be deemed nondischargeable.

### SECOND CLAIM FOR RELIEF

### Nondischargeability of Debt Pursuant to 11 U.S.C. section 523 (a)(4)

15. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 to 14 above as though fully set forth herein.

16. Pursuant to 11 U.S.C. section 523 (a)(4), a debt incurred by a debtor who perpetrates an embezzlement or larceny shall be nondischargeable.

17. At all times, the Defendant engaged in embezzlement with the intent to deprive the Plaintiff of his interest in the limited partnership. First, the Defendant intentionally sold all the interest SFC Associates V held in Block 5 Retail Partners to pay back his debt. Therefore, the limited partners, including the Plaintiff, received nothing from the sale. Second, the Defendant transferred $50,000 in cash intended for the limited partnership to an entity controlled and owned by him and the limited partners, including the Plaintiff, received none of it.

18. As a direct and proximate result of the foregoing, the Plaintiff has suffered damages believed to be in excess of $150,000, which should be exempted from discharge in the Defendant's bankruptcy. Based on the foregoing acts of embezzlement, the debt owed to the Plaintiff should be deemed nondischargeable.

### THIRD CLAIM FOR RELIEF

### Nondischargeability of Debt Pursuant to 11 U.S.C. section 523 (a)(6)

19. Plaintiff realleges and incorporates by reference each and every allegation set forth in

4

paragraphs 1 to 18 above as though fully set forth herein.

20. Pursuant to 11 U.S.C. section 523 (a)(6), a debt incurred by a debtor who engages in willful and malicious conduct causing injury to another or to the property of another the debt shall be nondischargeable. The Defendant engaged in conversion of the Plaintiff's property.

21. At all times, the Defendant engaged in the willful and malicious acts of conversion with respect to the Plaintiff. First, the Defendant intentionally sold all the interest SFC Associates V held in Block 5 Retail Partners to pay back his debt. Therefore, the limited partners, including the Plaintiff, received nothing from the sale, which the Defendant intended to happen. Second, the Defendant transferred $50,000 in cash intended for the limited partnership to an entity controlled and owned by him and the limited partners, including the Plaintiff, received none of it, which the Defendant intended to happen.

22. As a direct and proximate result of the foregoing, the Plaintiff has suffered damages believed to be in excess of $150,000, which should be exempted from discharge in the Defendant's bankruptcy. Based on the willful and malicious conduct of the Defendant constituting conversion, the debt owed to the Plaintiff should be deemed nondischargeable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Debtor and Defendant, David K. Small, as follows:

1. On his First Claim for Relief, a judgment against David K. Small determining that the debt is nondischargeable in his bankruptcy and for a monetary award in the amount of $150,000 with prejudgment interest;

2. On his Second Claim for Relief, a judgment against David K. Small determining that the debt is nondischargeable in his bankruptcy and for a monetary award in the amount of 150,000 with prejudgment interest;

3. On his Third Claim for Relief, a judgment against David K. Small determining that the debt is nondischargeable in his bankruptcy and for a monetary award in the amount of $150,000 with prejudgment;

4. That the Plaintiff be awarded his costs incurred; and

5. For such additional relief as this Court deems just and equitable.

Dated: October 3, 2018

LAW OFFICES OF JOSEPH R. KAFKA

_____
Joseph R. Kafka, Esq.
Counsel for Plaintiff
Grant Sedgwick